QUESTION:
Does s. 27.34, F.S., as amended by Ch. 73-215, Laws of Florida, prohibit a municipality from employing and compensating a part-time assistant state attorney as city solicitor, the functions of whose office include the prosecution of violations of municipal ordinances?
SUMMARY:
Section 27.34, F.S., as amended by Ch. 73-215, Laws of Florida, does not prohibit a municipality from employing and compensating a part-time assistant state attorney as a city solicitor, the functions of whose office include the prosecution of violations of municipal ordinances.
Section 27.34, F.S., as amended by Ch. 73-215, Laws of Florida, provides in pertinent part as follows:
"(1) No county or municipality shall appropriate or contribute funds to the operation of the various state attorneys. * * * * * (3) It is hereby prohibited for any state attorney to receive from any county or municipality any supplemental salary. . . ."
See also s. 13 of Ch. 73-335 (General Appropriations Act), Laws of Florida, providing that, notwithstanding the provisions of s.27.34(1), no county shall appropriate or contribute to the operation of the office of the state attorney except for those items specified in s. 27.34(2), F.S., as amended by Ch. 73-215.
The foregoing provisions prevent state attorneys from receiving any operating funds from counties or municipalities (except for certain limited purposes enumerated in s. 27.34(2), supra).
Also relevant here is s. 27.181(4), F.S., which establishes the method by which the salaries of assistant state attorneys shall be paid, stating in part that:
"The salary for each assistant state attorney shall be set by the state attorneys of the same judicial circuit in an amount not to exceed ninety percent of that state attorney's salary and shall be paid from funds appropriated for that purpose. However, the assistant state attorneys who serve in less than full-time capacity shall be compensated for services performed in an amount in proportion to the salary allowed for full-time services."
This provision clearly contemplates that some assistant state attorneys will serve in a part-time capacity and reduces their compensation accordingly.
Also relevant here are Art. V, ss. 17 and 20(c)(12), State Const., and s. 34.13(5), F.S. Section 17 is principally concerned with the qualifications for and duties of the office of state attorney, but it also provides that "when authorized by law, the violations of all municipal ordinances may be prosecuted by municipal prosecutors." Section 20(c)(12) — a part of the "Schedule" provision of revised Art. V, legislatively implemented by s.34.13(5) — provides that "[m]unicipal prosecutors may prosecute violations of municipal ordinances."
Against this constitutional and statutory background, you question whether a city solicitor, who is also a part-time state attorney, is prohibited by s. 27.34, supra, from receiving compensation from the city for his services as municipal prosecutor in prosecuting violations of municipal ordinances. I do not so interpret the provisions in question.
As noted above, the statute contemplates the employment of part-time assistant state attorneys by the state attorney. Assistant state attorneys are state employees, and not state officers, within the purview of the dual office prohibition of the Constitution, Art. II, s. 5, State Const. Attorney General Opinion 071-263. Thus, assuming arguendo that a city solicitor is in this context a city official, there would be no constitutional impediment to his serving the city in an official capacity while, at the same time, serving as a part-time assistant state attorney. (Nor would the duties of the two positions be incompatible under the common-law rule denouncing the holding of two positions in the public service, the duties of which are incompatible. Attorney General Opinion 070-46.) The municipal funds which are appropriated for and disbursed to the city solicitor for his services, including the prosecution of violations of municipal ordinances, are paid to him in his capacity as municipal prosecutor and not in his capacity as assistant state attorney. They do not become operating "funds" of the office of the state attorney, but constitute personal compensation to the city solicitor for his services as such.
I have not overlooked the opinion of my predecessor in office in AGO 069-48, ruling that a full-time assistant state attorney may not perform legal services for a city or county, with compensation being paid by the city or county in addition to his state salary. However, this opinion was based on s. 282.01(7)(b), F.S. (Ch. 69-100, Laws of Fla.), providing that full-time assistant state attorneys "shall not otherwise engage in the practice of law or accept any compensation in addition to their salary for any legal service." No such prohibition exists as to part-time assistant state attorneys.
Your question is, therefore, answered in the negative.